DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Daniel Metro, appeals from a judgment of the Lorain County Court of Common Pleas, Probate Division, that determined that his consent was not necessary to the adoption of his two minor daughters, K.K. and A.K., because he had failed without justifiable cause to communicate with the children for at least one year prior to the filing of the petition or the placement of the children in the petitioner's home. See R.C.3107.07(A). This Court affirms.
 {¶ 2} Metro is the natural father of K.K., born August 22, 1998, and A.K., born October 27, 2001.[1] Metro was never married to the children's mother, Nicole K. ("Mother"). Mother married Jason K. ("Stepfather") on February 14, 2004.
 {¶ 3} On April 21, 2005, Stepfather filed a petition to adopt K.K. and A.K. and alleged that Metro's consent to the adoption was not necessary pursuant to R.C. 3107.07(A). Specifically, he alleged that Metro had failed without justifiable cause to either communicate with the children for over a year or to pay child support as required by law. Metro filed an objection to the adoption petition.
 {¶ 4} The trial court held a hearing on November 1, 2005. The evidence was undisputed that Metro had failed to communicate with either child for over a year during the relevant look back period.[2] Metro contended that his failure to communicate with the children was justified, however, because there had been a so-called "no contact" court order in place that prohibited him from having contact with his children. Although Mother did not dispute that there had been a no contact order in place, neither party introduced a copy of the order, nor did they explain the specific terms of the order or the dates that the order was in effect.
 {¶ 5} Following the hearing, the trial court found that Metro had failed without justifiable cause to communicate with the children for the requisite one-year period and, consequently, that his consent to the adoption was not necessary. Metro appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR
"THE PROBATE COURT COMMITTED SUBSTANTIAL REVERSIBLE ERROR IN ITS RULING THAT THE CONSENT TO ADOPTION OF [K.K.] AND [A.K.], BY NATURAL FATHER, APPELLANT DANIEL METRO, WAS NOT NECESSARY."
 {¶ 6} Metro contends that the trial court erred in finding that his consent to the adoption was not necessary. R.C.3107.07(A) provides, in relevant part:
"Consent to adoption is not required of any of the following:
"A parent of a minor, when * * * the parent has failed without justifiable cause to communicate with the minor * * * for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
The trial court found that Metro had failed without justifiable cause to communicate with K.K. and A.K. for more than one year prior to the filing of the adoption petition or the placement of the children in the petitioner's home and, therefore, that his consent was not required for the adoption.
 {¶ 7} Metro does not dispute that the petitioner presented sufficient evidence to demonstrate that he failed to communicate with the children for the requisite one-year period. Therefore, as the Ohio Supreme Court explained in In re Adoption ofBovett, the burden shifted to him to present evidence of a facially justifiable cause for his failure to communicate:
"Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure." In reAdoption of Bovett (1987), 33 Ohio St.3d 102, paragraph two of the syllabus.
 {¶ 8} Because the petitioner had established a lack of communication, the burden of going forward with evidence shifted to Metro to demonstrate "some facially justifiable cause" for his failure to communicate. Metro contends that he presented evidence that his lack of communication was justified because he was prohibited by a court order from having any contact with K.K. or her mother.
 {¶ 9} Some courts have held that a "no contact" court order was justifiable cause for a parent's failure to communicate with his children. See, e.g., In re Adoption of Bryan W. (May 2, 1997), 6th Dist. No. H-96-039. In each of those cases, however, there was sufficient evidence before the trial court to demonstrate that there was a court order in place that did legally prevent the father from communicating with his children. To determine whether the lack of communication was justified, the courts examined the specific language and terms of the order to determine whether the court order prohibited all communication by the parent. See id.
 {¶ 10} Both Mother and Metro testified that there was a no contact order in effect during the relevant one-year look back period, but the order itself was not admitted into evidence, nor was its language read into the record. Although it appears that there was a transcript of proceedings that was present in the courtroom and perhaps considered by the trial court, that evidence was never properly admitted or made a part of the record on appeal. The record fails to include any evidence of the terms of the no contact order, other than some testimony by Mother and Metro that they understood the order to prohibit all contact by Metro.
 {¶ 11} Metro failed to present sufficient evidence to demonstrate that a no contact order prevented him from communicating with his children. It was not adequate to present the testimony of lay witnesses who simply testified that, in their understanding, the order prohibited all communication by Metro. They failed to explain any of the specific terms of the order. Moreover, the parties' understanding of the order may have been incorrect; it was for the trial court to determine whether the terms of the order prohibited all communication by Metro. SeeIn re Adoption of Mineer, 4th Dist. No. 03CA768, 2004-Ohio-656, at ¶ 18-19, which held that the mother failed to meet her burden of going forward with a facially justifiable cause for her lack of communication because, although she testified that a court order prohibited her from communicating with her child, the court determined that the order prohibited visitation, but not all communication.
 {¶ 12} Without presenting evidence of the specific terms of the no contact order, including the dates of its operation, Metro failed to meet his burden to present some evidence of a facially justifiable cause for his failure to communicate with his children during the one-year look back period. To be precise, Metro was required to do more than simply provide a general reason for his failure to communicate. He was required to demonstrate that his stated reason was "facially justifiable." Absent discussing any of the specific facts underlying his stated reason, Metro failed to satisfy his burden. Metro needed to present evidence of the specific language of the court order that demonstrated to the trial court that the no contact order did, in fact, prohibit all forms of communication between him and his children.
 {¶ 13} Therefore, the trial court did not err in finding that Metro had failed without justifiable cause to communicate with his children for the requisite period and that, therefore, his consent to the adoption was not necessary. The assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J. Boyle, J. concur
[1] Although Metro apparently had not been determined to be the father of A.K. at the time of the hearing below, that issue was not addressed by the trial court, nor has it been raised as a challenge on appeal.
[2] R.C. 3107.07 provides that the relevant look back period is the one-year period before either the placement of the child in the petitioner's home or the filing of the adoption petition.