[Cite as *State v. Lynch*, 2011-Ohio-3062.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95770

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANGELA M. LYNCH

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cleveland Heights Municipal Court
Case No. CRB 0901993

**BEFORE:** E. Gallagher, J., Sweeney, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 23, 2011

**ATTORNEY FOR APPELLANT**

Edward S. Wade, Jr.
75 Public Square
Suite 1111
Cleveland, Ohio   44113

**ATTORNEY FOR APPELLEE**

Kim T. Segebarth
City Prosecutor
City of Cleveland Heights
40 Severance Circle
Cleveland Hts., Ohio   44118

EILEEN A. GALLAGHER, J.:

{¶ 1}   Angela M. Lynch appeals her conviction entered in the Cleveland Heights Municipal Court.   Lynch argues the trial court erred when it provided a lesser included offense instruction to the jury, and when it failed to charge the jury on self-defense and mutual combat.   For the following reasons, we affirm the judgment of the trial court.

{¶ 2}   On September 15, 2009, Lynch attended an emergency sports meeting at Lutheran East High School for her son, J.L.   At that time, J.L. lived with his father, James Hudson-Bey and his live-in girlfriend, Rosalyn Stewart.   J.L. attended Lutheran East High School and was a member of

the football team. On September 15, 2009, the football team held a meeting to discuss an out-of-town trip, which required parental permission. J.L. attempted to contact his mother and father to attend the meeting but both stated that they had prior commitments. As a last resort, J.L. contacted Stewart, who agreed to attend the meeting on behalf of James Hudson-Bey.

{¶ 3} Unbeknownst to J.L., Lynch arrived at the high school to attend the meeting. She sat near Stewart and the two women immediately engaged in a verbal confrontation. Lynch and Stewart sat through the remainder of the meeting without further incident, but then continued their confrontation as they, along with J.L., left the school. Stewart was walking ahead of Lynch and J.L. when Lynch began yelling at her. Stewart responded and as the women exited the double set of doors that led to a parking area, Lynch grabbed Stewart by the hair and struck her. Stewart fought back and during the fight, Lynch bit Stewart's left hand. The fight was broken up by Andrew Pearson, a concessioner, who was in the area.

{¶ 4} Stewart walked to the Cleveland Heights Police Department and filed a complaint for assault against Lynch. The officers photographed Stewart's hand and then Stewart sought medical attention for her injury.

{¶ 5} On September 15, 2009, the Cleveland Heights Police Department issued a warrant charging Lynch with one count of assault, a

first-degree misdemeanor in violation of R.C. 2903.13(A). Lynch pleaded not guilty. The case proceeded to a jury trial on February 5, 2010, which resulted in a hung jury. A second trial commenced on September 17, 2010. At the latter trial, the City presented the testimony of Stewart, J.L., and Officer Thomas Decaro. In response, the defense presented the testimony of Andrew Pearson and Lynch.

{¶ 6} At the close of the evidence, the defense requested three jury instructions. First, defense counsel requested a jury instruction on the lesser included offense of disorderly conduct, a request with which the city prosecutor agreed. Defense counsel then requested jury instructions on self-defense and mutual combat. The trial court granted defense counsel's request as to the lesser included offense charge and to the self-defense charge but denied counsel's request for a charge on mutual combat. Defense counsel objected.

{¶ 7} The jury returned a verdict of guilty on the charge of disorderly conduct, in violation of Cleveland Heights City Ordinances 509.03(A)(1). The trial court sentenced Lynch to a suspended jail term of sixty days, active probation for two months, inactive probation for four months, and imposed a fine of five-hundred dollars, of which all but one hundred and twenty-five dollars was suspended. On September 22, 2010, Lynch appealed, raising

the two assignments of error contained in the appendix to this opinion.

**{¶ 8}** In her first assignment of error, Lynch argues the trial court erred when it charged the jury on the lesser included offense of disorderly conduct, as disorderly conduct is not a lesser included offense of assault. This assignment of error lacks merit.

**{¶ 9}** Initially, we note that Lynch's trial counsel requested the charge of disorderly conduct. Prior to the commencement of trial, Lynch's trial counsel provided the City Prosecutor with his proposed jury instructions, and the court had an opportunity to review those proposed instructions, which included the lesser included offense of disorderly conduct. (Tr. 3.) At the conclusion of the evidence, Lynch's counsel again requested of the court that instruction on the lesser included offense of disorderly conduct be provided to the jury. Tr. 124-125.

**{¶ 10}** Accordingly, the record reflects that not only did Lynch's trial counsel fail to object to the lesser included offense instruction, but that he, in fact, requested it in writing and in open court. We, therefore, review the given instructions for plain error. *State v. Darkenwald*, Cuyahoga App. No. 83440, 2004-Ohio-2693. The standard for plain error is "but for the error, the outcome of the trial clearly would have been otherwise." *State v. McKee* (2001), 91 Ohio St.3d 292, 294, 744 N.E.2d 737, citing Crim.R. 52(B); *State v.*

*Johnson* (2000), 88 Ohio St.3d 95, 723 N.E.2d 1054. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804.

**{¶ 11}** We decline to find plain error in this case. In *State v. Young*, Cuyahoga App. No. 79779, 2002-Ohio-1274, this court held that disorderly conduct, as defined in R.C. 2917.11 is a lesser included offense of assault, as provided in R.C. 2903.13. See, also, *State v. Koreny* (Apr. 12, 2001), Cuyahoga App. No. 78074; *State v. Reider* (Aug. 3, 2000), Cuyahoga App. No. 76649, *State v. Sanchez* (June 3, 1999), Cuyahoga App. No. 73926. Although the jury found Lynch guilty of disorderly conduct as defined in Cleveland Heights Ordinances 509.03(a)(1), the language in 509.03(a)(1) is identical to that of R.C. 2917.11. Specifically, 509.03(a)(1) provides as follows:

"(a) No person shall recklessly cause inconvenience, annoyance or alarm to another, by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."

**{¶ 12}** R.C. 2917.11 provides as follows:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."

{¶ 13} Accordingly, consistent with this Court's prior holdings, we find that disorderly conduct, as defined in Cleveland Heights Ordinances 509.03 is a lesser included offense of assault, as defined by R.C. 2903.13. *Young, Koreny, Reider, Sanchez.* We therefore overrule Lynch's first assignment of error.

{¶ 14} In her second assignment of error, Lynch argues the trial court erred in failing to instruct the jury on self-defense and mutual combat. We disagree with Lynch's argument.

{¶ 15} The trial court did instruct the jury on self-defense. (Tr. 169.) Accordingly, we will limit our discussion in this assigned error to Lynch's argument that the court failed to give an instruction on mutual combat.

{¶ 16} In putting forth this argument, Lynch fails to cite to any legal authority in support of her claim that the jury should have been instructed on mutual combat. Moreover, this court is unable to locate any evidence that the defense of mutual combat exists. In *State v. Milling*, Summit App. No. 24402, 2009-Ohio-3002, the ninth appellate district noted that the situations of assault and battery, mutual combat, illegal arrest, and discovering a spouse in the act of adultery are cases in which the jury instruction of voluntary manslaughter is appropriate. The court then cited

Black's Law Dictionary for the definition of mutual combat: "[a] consensual fight on equal terms — arising from a moment of passion but not in self-defense — between two persons armed with deadly weapons." Black's Law Dictionary 1045 (8th Ed.2004).

{¶ 17} This line of case law is the only place we find mention of the term mutual combat. Clearly, the facts as outlined above do not apply to the instant case. We find no other authority in support of Lynch's claim.

{¶ 18} An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). *State v. Martin* (July 12, 1999), Warren App. No. CA99-01-003, citing *Meerhoff v. Huntington Mtge. Co.* (1995), 103 Ohio App.3d 164, 658 N.E.2d 1109; *Siemientkowshi v. State Farm Ins.,* (Aug. 18) Cuyahoga App. No. 85323, 2005-Ohio-4295. "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone* (May 6, 1998), Summit App. Nos. 18349 and 18673.

{¶ 19} Based on the foregoing, we overrule Lynch's second assignment of error.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
KENNETH A. ROCCO, J., CONCUR

## Appendix

**Assignments of Error:**

> **"I. The trial court erred and abused its discretion in its charge to the jury resulting in the jury finding appellant guilty of disorderly conduct, a third degree misdemeanor, as a lesser included offense of assault under R.C. 2903.13(A)."**

> **"II. The trial court erred and abused its discretion by not granting defendant's requested charge on self-defense and mutual combat."**