[Cite as *In re adoption of J.L.M-L.*, 2017-Ohio-61.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

THE ADOPTION OF:

J.L.M-L.

JUDGES:
Hon. Sheila G. Farmer, P.J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. CT2016-0030

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 2015-4031 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 9, 2017 |

APPEARANCES:

For Appellant

SEAN W. BECK
USP ATLANTA
601 McDonough Boulevard, SE
Atlanta, Georgia 30315

For Petitioner-Appellee

W. ANDREW JOSEPH
GOTTLIEB, JOHNSTON,
BEAM & DAL PONTE, PPL
320 Main Street, P.O. Box 190
Zanesville, Ohio 43702-0190

*Wise, J.*

{¶1} Appellant Sean W. Beck appeals the decision of the Muskingum County Probate Court, which granted the adoption petition of Appellee Michael Leary regarding the child J.L.M-L. The relevant facts leading to this appeal are as follows.

{¶2} Appellant Beck is the biological father of J.L.M.-L. Appellant is presently incarcerated in a federal correctional facility in Georgia. He asserts that he will be released in 2021, assuming eligibility for good time credits.

{¶3} Appellee filed his petition for adoption in the Muskingum County Probate Court on October 27, 2015. Appellant filed his objection to the petition on November 16, 2015.

{¶4} The matter came on for hearing on March 7, 2016 on the issue of whether appellant's consent was required for the adoption. In addition to appellee and his counsel, appellant's counsel appeared, while appellant appeared via telephonic connection. Following the hearing, via judgment entry on May 5, 2016, the probate court ruled that appellant's consent was not necessary pursuant to R.C. 3107.07.

{¶5} On May 27, 2016, a hearing on best interests was conducted under R.C. 3107.161. Again, in addition to appellee and his counsel, appellant's counsel appeared, while appellant appeared via telephonic connection.

{¶6} On May 31, 2016, the probate court issued a final decree of adoption on appellee's petition, and ordering a name change for the child.

{¶7} On June 29, 2016, Appellant Beck filed a notice of appeal. Appellant's present brief fails to set forth a statement of facts or a statement of the case and fails to properly set forth assignments of error as required by App.R. 16(A)(3), 16(A)(5), and

16(A)(6). However, in the interest of justice, we glean the following Assignments of Error from the brief (see *Helfrich v. City of Pataskala Planning & Zoning,* 5th Licking App. No. 00CA82, 2001 WL 194777):

{¶8} "I.    APPELLANT'S TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE DURING THE ADOPTION PROCEEDINGS.

{¶9}    "II.  THE TRIAL COURT ERRED BY FAILING TO PROPERLY CONSIDER THE RELEVANT FACTORS FOR ADOPTION."

I.

{¶10}   In his First Assignment of Error, appellant argues he received ineffective assistance of counsel during the adoption proceedings.

{¶11}   R.C. 2151.352 provides that parents are guaranteed the right to counsel at all stages of a permanent custody proceeding. This Court has accordingly recognized "ineffective assistance" claims in permanent custody appeals. *See, e.g., In re Utt Children,* 5th Dist. Stark No. 2003CA00196, 2003–Ohio–4576. However, we have not expanded the doctrine of ineffective assistance of counsel beyond criminal cases and those involving permanent custody. *See In re Logwood,* 5th Dist. Guernsey No. 2004–CA–38, 2005–Ohio–3639, ¶ 26.

{¶12}   "Permanent custody" is defined as "a legal status that vests in a public children services agency or a private child placing agency, all parental rights, duties, and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations." R.C. 2151.011(B)(32). Adoption and permanent custody are thus distinct concepts under Ohio law, and the right to counsel set forth in R.C. 2151.352 does

not cover adoption proceedings under Chapter 3107. *See In re Adoption of M.C.*, 4th Dist. Jackson Nos. 11CA5, 11CA6, 2011-Ohio-6527, ¶ 8. The Ohio Supreme Court has not addressed the issue of whether an indigent parent contesting an adoption petition filed by a private party has a procedural due process right to appointed counsel. *Id.* Nonetheless, we have recognized that there is no right to the appointment of counsel in the context of adoption. *In re Adoption of I.M.M.*, 5th Dist. Ashland No. 16 COA 018, 2016-Ohio-5891, ¶ 17 (additional citations omitted).

**{¶13}** By extension, we decline to recognize on appeal an ineffective assistance claim by a biological parent opposing a private adoption petition. We therefore will not further address appellant's First Assignment of Error. *But see In re Adoption of Brianna Marie D.*, 6th Dist. Lucas No. L-04-1367, 2005-Ohio-797, ¶¶ 34-39.

II.

**{¶14}** In his Second Assignment of Error, appellant contends the trial court erroneously failed to properly consider the statutory factors for adoption. We disagree.

**{¶15}** We first note appellant's brief makes periodic reference to documentary evidence without clarifying whether such items were admitted as probate court exhibits. Some of these documents are e-mails that are dated after the dates of the proceedings below. In addition, appellant has failed to file a transcript of the pertinent probate court proceedings in accordance with App.R. 9(B) or make other accommodations for a trial record under App.R. 9(C) or 9(D). "When portions of the transcript or statement of proceedings necessary for resolution of the assigned error are omitted from the record, the reviewing court has nothing to pass on and thus, as to those assigned errors, the court has no choice [but] to presume the validity of the lower court's proceedings." *In re*

*Adoption of I.M.M.*, *supra*, ¶ 33, citing *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Furthermore, in a bench trial, a trial court judge is presumed to know the applicable law and to properly apply it. *In re Fell,* 5th Dist. Guernsey No. 05-CA-9, 2005-Ohio-5299, ¶ 27.

{¶16} Accordingly, appellant's Second Assignment of Error is overruled.

{¶17} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Hoffman, J., concur.

JWW/d 1223