**ROBB, Appellant,**

v.

**SMALLWOOD, Appellee.**

[Cite as *Robb v. Smallwood,* 165 Ohio App.3d 385, 2005-Ohio-5863.]

Court of Appeals of Ohio,
Fourth District, Meigs County.

No. 05CA4.

Decided Nov. 1, 2005.

386

Walter J. Robb II, pro se.

Sowash, Carson & Ferrier, L.P.A., and Herman A. Carson, for appellee.

HARSHA, Judge.

{¶ 1} Appellant, Walter J. Robb II, appeals the judgment of the Meigs County Court of Common Pleas dismissing his complaint for failure to appear at a pretrial hearing and granting judgment in favor of appellee, Buford W. Smallwood, on his counterclaim. In his pro se brief, Robb first asserts that he is entitled to relief from judgment according to Civ.R. 60(B)(1) based on excusable neglect. Because Robb did not file a Civ.R. 60(B) motion with the trial court, he has waived this issue, and we will not review it on appeal. Second, Robb asserts that the trial court erred in dismissing his complaint and granting judgment on Smallwood's counterclaim, arguing that his failure to appear occurred because he did not receive proper notice of the scheduled hearing. Because the clerk of the Meigs County Court of Common Pleas sent a notice of hearing to Robb at his address of record, we reject the second assignment of error.

{¶ 2} Robb filed a complaint against Smallwood alleging that Smallwood stole Robb's Woodmizer Portable Sawmill. Smallwood responded with a counterclaim seeking damages for sawing services that he had allegedly performed for Robb, fraud, and attorney fees. Both parties attended a pretrial hearing, and both parties participated in discovery.

{¶ 3} On February 23, 2005, the clerk of courts served the parties with a hearing notice, which instructed them to attend a hearing scheduled for March 9, 2005. The notice also stated that failure to attend the hearing would result in dismissal or entry of default judgment. On the scheduled date, Smallwood and his counsel were present at the hearing, but Robb did not attend. The trial court dismissed Robb's complaint for failure to prosecute and granted judgment for Smallwood on his counterclaim.

{¶ 4} Robb then filed a motion for a continuance, asserting that he had not received the hearing notice for the March 9, 2005 hearing. Before the trial court could rule on the motion, Robb filed a notice of appeal.

{¶ 5} Robb raises two issues in his pro se appeal. As is often the case in pro se matters, Robb's brief is deficient in many respects. For instance, his brief fails to state an assignment of error, list a table of cases, or give a statement of the case. See App.R. 16(A)(2), (3), and (5). "Nevertheless, this court has long had a policy of affording 'considerable leniency' to pro se litigants." *Whittington v. Kudlapur* (Jul. 25, 2001), Hocking App. No. 01CA1, 2001 WL 888379 at *3, quoting *Highland Cty. Bd. of Comm. v. Fasbender* (Jul. 28, 1999), Highland App. No. 98CA24, 1999 WL 595359. We have not held pro se litigants to the same standard as attorneys. Id. This does not mean, however, that we will " 'conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.' " Id., at *3, quoting *State ex rel. Karmasu v. Tate* (1992), 83 Ohio

App.3d 199, 206, 614 N.E.2d 827. A pro se appellant is required to submit a brief that contains at least some cognizable assignment of error. Here, appellant has produced a brief with issues that we will consider.

{¶ 6} Initially, appellant asserts that he is entitled to relief from the trial court's judgment based upon Civ.R. 60(B)(1), which states that upon motion, the court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect." A Civ.R. 60(B) motion for relief from judgment is addressed to the sound discretion of the trial court; accordingly, we will not reverse a trial court's ruling on a Civ.R. 60(B) motion absent an abuse of discretion. *Dunkle v. Dunkle* (1999), 135 Ohio App.3d 669, 675, 735 N.E.2d 469, citing *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914.

{¶ 7} Civ.R. 60(B) is the mechanism for obtaining relief in the trial court after a final judgment. It permits the trial court to afford a litigant relief from a final judgment when the interests of justice so require. It is not a vehicle that a litigant may use for the first time in an appeal.

{¶ 8} A litigant must first file a Civ.R. 60(B) motion with the trial court before an appellate court can consider the issue. "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Glaros* (1960), 170 Ohio St. 471, 475, 11 O.O.2d 215, 166 N.E.2d 379, 382. A party, even one proceeding pro se, cannot expect a trial court to provide relief without formally asking for it. Therefore, because appellant did not file a Civ.R. 60(B) motion at the trial court level, we will not review this issue on appeal.

{¶ 9} To the extent that Robb's belated motion for a continuance could be considered as a Civ.R. 60(B) motion for relief from judgment, his notice of appeal divested the trial court of jurisdiction to review it without a remand from this court. See *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 637 N.E.2d 890.

{¶ 10} In his second issue, appellant asserts that he was not given proper notice, as required by due process and Civ.R. 5(B), to appear at the March 9, 2005 hearing. Civ.R. 5(B) provides that when service of papers subsequent to the original complaint is required, it should be made on the attorney or party by "delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, [or] mailing it to the last known address of the person to be served." Robb contends that he never received the hearing notice.

{¶ 11} He further asserts that on or about January 2, 2005 he requested the clerk of the Common Pleas Court of Meigs County to send all subsequent court documents to his residential address in Albany, Ohio. There is nothing in the record to support that assertion. Robb's complaint bears a Court Street, Athens, Ohio address. That became Robb's address of record upon filing of the complaint. He made and received numerous filings using the Athens address. There is no formal notice to the court that Robb had changed his address to Albany, Ohio. He continued to use the Athens address on court filings as late as February 9, 2005, when the clerk filed Robb's second request for production of documents. On the same date, the clerk filed his "Disclosure of Plaintiff's Expert." This document uses an Albany, Ohio address, but it does not notify the clerk of a change of address for the record. While Robb subsequently filed at least two other papers using the Albany, Ohio address, there is no notice to the clerk to change his address. A party bears the burden of formally notifying the court of a change of address; the clerk is not charged with the duty of perusing the record to ensure that a party's mailing address has not changed. See *Bartholomew Builders, Inc. v. Spiritos*, 2005-Ohio-1900, 2005 WL 940896, at ¶ 24, citing *Nalbach v. Cacioppo* (Jan. 11, 2002), 11th Dist. No. 2001–T–0062, 2002 WL 32704, at *6. See, also, *Marshall v. Staudt* (Feb. 1, 1999), Stark Co.App. No. 1998CA00177, 1999 WL 100373, ("a pro se litigant has an obligation to keep the trial court informed of any change of address").

{¶ 12} According to the hearing notice in the record, the clerk sent a copy of the notice to "Walter J. Robb II" on February 23, 2005, presumably at his address of record in Athens, Ohio. According to Civ.R. 5(B), service is complete upon mailing. See, also, *State ex rel. Smith v. Fuerst* (2000), 89 Ohio St.3d 456, 457, 732 N.E.2d 983. Therefore, appellant received proper service because the clerk sent the hearing notice to his address of record in Athens, Ohio.

{¶ 13} This procedure also satisfies the due process requirement that notice must be reasonably calculated, under all the circumstances, to advise a party of the pendency of the proceedings. See, generally, *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865.

{¶ 14} We overrule appellant's assignments of error and sustain the trial court's judgment.

Judgment affirmed.

ABELE, P.J., and KLINE, J., concur.