[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Our designation of "et al." in the style of this case with regard to Sharon Lute comes from the trial court's final judgment entry. A review of the record, however, reveals no other defendants or appellees as parties to this case.
 DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment in favor of Sharon Lute, defendant below and appellee herein, on the claim brought against her by Elaine Fancher, plaintiff below and appellant herein. *Page 2 
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE JUDGE OF COURT [sic] ERRED AND ABUSED ITS [sic] DISCRETIONS [sic] BY GRANTING SHARON LUTE RELIEF WITHOUT DIRECTIONS FROM TWO ENGINEERS
CAUSING DAMAGE TO MRS. FRANCHERS [sic[PROPERTIES AND STILL CONTINUALLY DOING SO."
 SECOND ASSIGNMENT OF ERROR:
 "THE JUDGE ALLOWED SHARON LUTE TO PERJURE HERSELF BY ALLOWING HER TO STATE SHE HAS FIXED PROBLEMS WHEN HE HIMSELF HAD VISITED THE SITE FOR VIEW. THE DOWNSPOUTS [sic] ARE NOT INSTALLED AS TESTIFIED."
 THIRD ASSIGNMENT OF ERROR:
 "THE JUDGE ERRED BY CLAIMING SUB SURFACE WATER 
WITH HER DOWNSPOUTS [sic] DIRECTED AT THE LOWER PROPERTIES IT IS CLEAR AND CONTESTED BY TWO ENGINEERS THAT THE WALL IS IN DANGER OF FALLING TODAY OR SOON. NOT SUB SURFACE WATERS [sic]. PHOTOS ENCLOSED. [sic]"
 FOURTH ASSIGNMENT OF ERROR:
 "THE JUDGE ERROR [sic] BY FINDING AN OLD LAW DATING [FROM] 1899 THAT HAS LONG BEEN REPLACED BY ARTICLE TITLE 61,6117.02 [sic] RULES FROM IMPROPER OVERFLOWS CONSTITUTES A NUISANCE SUBJECT TO INJUNCTI[VE] RELIEF AND ABATEMENT PURSUANT TO CHAPTER 3767 G 1 OF THE REVIDSED CODES THAT PROPERTY OWNERS SHALL BE RESPONSIBLE FOR MAINTAINING ANY IMPROVEMENTS WATER FLOWS AND DAMAGES. EFFECTIVE 05-06-2005. [sic]"
 {¶ 3} The parties are contiguous property owners. Appellant's home lies downhill from the appellee's home and a retaining wall, which is cracked and bowed, runs the length of their property line. Over the last few years, appellant has sustained *Page 3 
water damage to her backyard, garage and basement, that she blames on drainage through the deteriorating wall. On several occasions, the City of Portsmouth asked appellee to repair the wall, but she declined in light of the expense and the paucity of her social security retirement benefit.
 {¶ 4} Appellant commenced the instant action and alleged that the water drainage is a private nuisance.[2] She requested $15,000 in compensatory damages and an order that appellee repair the wall. Appellee denied liability. Appellee also filed a third-party complaint against Howard and Thelma Boldman and asked for indemnification of any sum that she might be ordered to pay.[3]
 {¶ 5} At the bench trial, Lester Tinkham, a civil engineer, testified that he *Page 4 
inspected appellant's property and that water "basically destroyed" her backyard and damaged her basement and garage. When asked about the source of the water, the witness opined that some came from behind the retaining wall and that some was subsurface. When pressed further as to which source had a more significant impact, Tinkham answered "I seriously doubt it that surface water's having a significant effect."[4] *Page 5 
 {¶ 6} After hearing the evidence, the trial court concluded that the water damage resulted from sub-surface water, "and not the result of ground water draining to [appellant's] back yard" because of the retaining wall. The court cited a Cuyahoga County Court of Common Pleas decision for the proposition that in the absence of statute or contract, the law recognizes no duty on the part of adjoining landowners as to sub-surface, percolating waters. See Dissette v. Lowrie (1899), 9 Ohio Dec. 545. Thus, the court entered judgment in appellee's favor. This appeal followed.[5]
 I {¶ 7} Appellant's four assignments of error and her arguments are somewhat difficult for us to interpret because (1) they are sometimes phrased in sentence fragments, and (2) the combined arguments, which span one and one-third pages, generally follow the assignments of error. Nevertheless, we have a long history of affording considerable leeway to pro se litigants, see Robb v. Smallwood, 165 Ohio App.3d 385,846 N.E.2d 878, 2005-Ohio-5863, at ¶ 5, and we will address them to the best of our ability.
 II {¶ 8} We first proceed, out of order, to appellant's fourth assignment of error *Page 6 
wherein appellant asserts that the trial court erred in basing its decision on "old and deleted law."
 {¶ 9} In the case sub judice, the trial court relied onDissette, a Cuyahoga County Common Pleas Court decision, that, in turn, cited Frazier v. Brown (1861), 12 Ohio St. 294, 304. Frazier held that in the absence of a right derived from contract or legislation, a landowner has no claim for damages by subsurface waters which ooze or percolate from adjoining land. That principle would seem to be dispositive of the case sub judice, however, the Ohio Supreme Court overruled Frazier in Cline v. American Aggregates Corp. (1984)15 Ohio St.3d 384, 474 N.E.2d 324, at the syllabus. At issue in Cline was the withdrawal of subsurface water by one landowner, which injured an adjoining landowner. In overruling Frazier, the Ohio Supreme Court adopted a rule from the Second Restatement of Torts and imposed a "reasonableness" standard on the withdrawal of ground water. Id. at 387. Thus, the question we must resolve in the case sub judice is whetherFrazier can be viewed as stating a sound principle of law. For the following reasons, we answer that question in the affirmative. Ohio Supreme Court syllabi should be read in light of the facts of the case.Turner v. Ohio Bell Tel. Co., 118 Ohio St.3d 215, 887 N.E.2d 1158,2008-Ohio-2010, at ¶ 16; also see Stewart v. B.F. Goodrich Co. (1993)89 Ohio App.3d 35, 41, 623 N.E.2d 591. The issue in Cline was withdrawal of ground water, and the Court has ruled that Cline should be read as protecting a property owner's rights in ground water. See McNamara v.Rittman 107 Ohio St.3d 243, 838 N.E.2d 640, 2005-Ohio-6433, at ¶ 20. Indeed, our Ninth District colleagues characterize Cline as merely establishing a new cause of action for "unreasonable dewatering." SeeMcNamara v. Rittman (1998), 125 Ohio App.3d 33, *Page 7 
 {¶ 10} Our conclusion is buttressed by the fact that nothing inCline addressed the circumstances we have in the present case. Here, sub-surface, percolating waters have flooded the property of an adjacent, downhill landowner. In Frazier, the Ohio Supreme Court concluded that these types of issues are damnum absque injuria— a loss for which the law can provide no remedy — and we believe that the policy reasons for maintaining that rule are as sound now as they were then. In the instant case the trial court found no evidence that either appellee, or her predecessor in title, did anything to divert the sub-surface water to appellant's property. Further, no evidence exists that appellee or the Boldmans could have reasonably done anything to prevent it. We, however, are certainly not unsympathetic to appellant's plight. Nevertheless, no legal duty exists on the part of appellee to prevent ground water from flooding her downhill neighbor's land.
 {¶ 11} Appellant cites R.C. 6117.012 as authority to impose such a duty, but that statute addresses rates for sewer districts and has nothing to do with the issues presented here. She also cites R.C. Chapter 3767 as support for her position, but this is the general "nuisance" section of the Revised Code. Appellant cites nothing in that chapter that imposes an actual, legal duty under circumstances of this case.
 {¶ 12} For all these reasons, we hereby overrule appellant's fourth assignment of error.
 III *Page 8 {¶ 13} We jointly consider appellant's three remaining assignments of error. Our analysis begins with the premise that judgments supported by some competent, credible evidence will not be reversed on appeal.Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018;C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, at the syllabus. This particular standard of review is highly deferential and even "some" evidence is sufficient to support a court's judgment. See Barkley v. Barkley (1997), 119 Ohio App .3d 155, 159, 694 N.E.2d 989; Willman v. Cole, Adams App. No. 01CA725, 2002-Ohio-3596, ¶ 24.
 {¶ 14} In the case sub judice, the trial court concluded that the evidence established that subsurface water caused the flooding. In fact, appellant's own expert testified that the impact of surface water drainage through the cracked retaining wall is negligible. This supports the trial court's conclusion that appellee is not liable on appellant's claim. We certainly recognize that conflicts in the evidence exist. However, we emphasize that appellate courts must defer to the trier of fact when some competent, credible evidence supports the trial court's judgment.
 {¶ 15} Appellant's other arguments concerning appellee perjuring herself or the "downspouts directed" at her property are irrelevant in light of the trial court's finding that subsurface groundwater caused the flooding. Accordingly, we hereby overrule appellant's first, second and third assignments of error.
 {¶ 16} Having reviewed all errors assigned and argued by appellant in her brief, and finding merit in none of them, we hereby affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. McFarland, J.: Concur in Judgment Opinion
[2] The City of Portsmouth was also joined as a party defendant when it was thought that the municipality might have constructed the wall and had some responsibility to maintain it. The city, however, was subsequently dismissed from the action.
[3] Appellee bought her home in 2001 from the third-party defendants and testified that Howard Boldman told her that a problem existed with the retaining wall, but that he had fixed it. Appellee explained that but for such representation, she would not have purchased the property.
[4] Tinkham also acknowledged that the City of Portsmouth placed dye in surface water on appellee's property to determine if that water drained into appellant's backyard. Apparently, the City found no dye in appellant's backyard, which suggested that the cause of the flooding is sub-surface ground water.
[5] Although the judgment for appellee technically rendered her indemnification claim against third-party defendants moot, the court also ruled in their favor and found that appellee had executed a residential property disclosure form that stated that she accepted the property in its then existing physical condition after an inspection. The third-party claim is not an issue in this appeal. *Page 1