[Cite as *State v. Smith*, 2015-Ohio-5436.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 CO 53 |
| | ) | |
|     PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ROBERT J. SMITH | ) | |
| | ) | |
|     DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of
Common Pleas of Columbiana County,
Ohio
Case No. 2005-CR-358

JUDGMENT:      Affirmed in part.
Reversed and Vacated in part.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Robert Herron
Columbiana County Prosecutor
Atty. Tammie M. Jones
Assistant Prosecuting Attorney
105 South Market Street
Lisbon, Ohio 44432

For Defendant-Appellant:      Robert J. Smith, *Pro se*
376 Florine Street,
Leavittsburg, Ohio 44430

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: December 18, 2015

WAITE, J.

**{¶1}** Appellant Robert J. Smith appeals a November 29, 2013 Columbiana County Common Pleas Court's decision to deny his motion to correct what he refers to as an illegal sentence. Appellant's appeal does not address his underlying conviction, which we previously upheld in *State v. Smith,* 7th Dist. No. 07 CO 10, 2007-Ohio-6913. Appellant contends instead that the trial court erroneously declined to resentence him despite finding that his driver's license suspension was mistakenly attached to his convictions on both robbery and failure to comply. He additionally argues that the trial court erroneously imposed a five-year period of postrelease control for failure to comply, a third-degree felony. The state concedes both errors, but argues that the errors can be corrected within the sentencing entry without resentencing Appellant.

**{¶2}** According to *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382 and *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, Appellant's postrelease control term is void as it pertains to his failure to comply conviction. As to the suspension of his driver's license, although the trial court erroneously attached the suspension to both his convictions on robbery and failure to comply, this error does not render the suspension entirely invalid. Accordingly, Appellant's argument regarding both his postrelease control period and driver's license suspension has merit in part. The postrelease control period to which he was sentenced based on his conviction for failure to comply is vacated. The driver's license suspension associated with his robbery conviction is also vacated. However,

both his sentencing to five years of postrelease control for robbery and a ten year license suspension for failure to comply remain valid and enforceable.

Factual and Procedural History

{¶3} Appellant led police on a high-speed car chase after robbing Tri State Credit Union in East Liverpool, Ohio. He was charged with one count of robbery, a felony of the second degree, and one count of failure to comply, a felony of the third degree. He eventually pleaded guilty to both offenses but refused to sign a plea agreement form. On March 30, 2007, he was sentenced to six years in prison on the robbery conviction and two years for failure to comply. The trial court ordered the sentences to run consecutively for an aggregate total of eight years of incarceration. The court additionally imposed a ten-year driver's license suspension and five years of postrelease control.

{¶4} On October 30, 2013, shortly after his release from prison, Appellant filed a motion to correct his sentence. In his motion, Appellant alleged that the trial court erred in attaching the license suspension to both his robbery and failure to comply convictions and that the trial court erred in imposition of five years of postrelease control regarding his conviction for failure to comply. The trial court agreed that both were errors. However, the court found that so long as the license suspension was properly attached to the correct conviction, Appellant was not prejudiced by inclusion of this attachment to the other conviction. As to postrelease control, the court found any error to be harmless because Appellant was already

subject to five years of postrelease control for robbery. Appellant has timely appealed the court's decision.

**{¶5}** *Pro se* Appellant presents issues within his assignment of error which we will construe as separate assignments. We note that a party who proceeds *pro se* is held to the same standards as parties who have retained counsel. *Tuckosh v. Cummings*, 7th Dist. No. 07 HA 9, 2008-Ohio-5819, ¶34, citing *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25. However, a court may grant some latitude towards *pro se* litigants on minor matters. *Tuckosh* at ¶34 citing *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878 (4th Dist.).

<u>First Assignment of Error</u>

The Trial Court erred and/or abused its discretion by denying appellant's "Motion to Correct an Illegal Sentence" (Appendix 4) in violation of appellant's right to due process of law as guaranteed by the United States Constitution fifth and fourteenth amendments as put forth to the State of Ohio in Ohio's Constitution article I-III.

**{¶6}** Appellant contends that the trial court erroneously sentenced him to a five-year non-mandatory postrelease control period for failure to comply, when the statutory maximum for a third-degree felony is three years. Accordingly, Appellant requests resentencing.

{¶7}   The state concedes the trial court's error.  However, as Appellant has already served his period of incarceration, the state argues that resentencing is not the proper remedy and that the error should be corrected within the sentencing entry.

{¶8}   Pursuant to R.C. 2967.28(B)(2), the maximum postrelease control term that can be imposed on an offender who has committed a third-degree felony is three years.  Appellant correctly argues that the trial court imposed a five-year term for his failure to comply conviction.  As Appellant has already been released from incarceration, the question becomes what remedies, if any, are available to Appellant.

{¶9}   We begin our discussion by addressing two cases from the Ohio Supreme Court.  First, in *Fischer, supra,* the Court examined the effect of a trial court's failure to impose postrelease control.  Procedurally, the Court first held that an issue regarding statutorily mandated terms, such as postrelease control, can be reviewed at any time and is not barred by *res judicata.*  Substantively, the Court held that "[t]he failure to impose a statutorily mandated period of postrelease control is more than administrative or clerical error.  It is an act that lacks both statutory and constitutional authority."  *Fischer, supra,* at ¶22.  Thus, the failure of a trial court to impose a statutorily mandated term of postrelease control renders the underlying sentence void in that regard, and the offender may be resentenced accordingly.

{¶10}  However, the Ohio Supreme Court revisited this issue in a case where the appellant had completed his incarceration.  Here, the Court held that "once the prison-sanction portion of a sentence for a crime has been fully served, the structure

of Ohio felony-sentencing law and the defendant's legitimate expectation in finality in his sentence prevent a court from further modifying the sentence for that crime in any way." *Holdcroft,* at ¶18. Accordingly, the Court held that once a prison term has been served for an offense, a trial court does not have authority to add a term of postrelease control for that offense. *Id.*

**{¶11}** The state cites to our decision in *State v. Butler,* 7th Dist. No. 10 JE 14, 2011-Ohio-6366 which held that an incorrect term of postrelease control can be corrected by means of remand. However, it is not clear whether the defendant in *Butler* had completed his sentence, which is a crucial consideration in light of the facts in the instant case. Even so, the Ohio Supreme Court issued its Opinion in *Holdcroft* two years after our decision in *Butler.*

**{¶12}** Appellant raised the trial court's error in his October 30, 2013 motion to correct his sentence. The trial court acknowledged its error, but stated that "[s]uch a discussion would be purely academic because the Defendant had a mandated period of Post-Release Control of five (5) years pursuant to Count I." (11/29/13 J.E., p. 2.) The court correctly found that Appellant was properly sentenced to five years of postrelease control for robbery. The court also correctly stated that any termination or diminution of Appellant's postrelease control for failure to comply still leaves him with a five year postrelease control period. See *State v. Fischer, supra* (only the void portion of a sentence must be rectified; the remainder of the sentence can be separated and remain in effect).

**{¶13}** While the trial court's observation in this regard may be accurate, Appellant's sentence as it regards postrelease control for failure to comply is erroneous. Contrary to the state's argument, however, this error cannot be corrected by means of a *nunc pro tunc* entry. Resentencing is also inappropriate pursuant to Ohio law. Instead, in accordance with *Holdcroft*, Appellant's postrelease control term for his failure to comply count is void and that part of his sentence must be vacated. However, the trial court's imposition of postrelease control for robbery is still valid. Appellant's sentence in that regard is affirmed and remains in effect. Appellant's arguments have merit in part and are sustained as to the imposition of postrelease control for failure to comply.

<u>Second Assignment of Error</u>

Does the trial court have the authority to sentence appellant outside the statutory mandates set forth in ORC 2967.28 (B) (2) for a 2nd degree felony? Is a judgment void for sentencing purposes if the trial court failed to sentence appellant to a statutorily mandated term? Does the trial court's failure to directly attach a mandated sanction to an offence, [sic] either at sentencing or in its judgment entry cause it to be void?

**{¶14}** The trial court imposed a ten-year driver's license suspension as part of Appellant's sentence; however, Appellant argues that the trial court appended the suspension to both the failure to comply and robbery convictions. While the trial court acknowledged the error and that suspension could not result from a robbery conviction, the court did not correct its error because it determined, once again, that

Appellant had not been prejudiced. Appellant not only seeks to have the error corrected, he argues that the trial court never informed him that he could lose his license and he would not have pleaded guilty had he known of this possibility.

**{¶15}** The state argues that a trial court must inform a defendant of a mandatory license loss at both the sentencing hearing and in its sentencing entry. The state cites to the sentencing hearing where the trial court correctly informed Appellant that, as to his conviction on failure to comply, the court planned to order his "operator's license be suspended for a period of ten (10) years." (Appellee's Brf., p. 5.) However, the state concedes that the suspension was inadvertently attached to both convictions in the sentencing entry. The state argues that the error did not prejudice Appellant, especially as he had already been notified of the suspension and the suspension was, in fact, correctly attached to the failure to comply conviction.

**{¶16}** Pursuant to R.C. 2921.331(E), "[i]n addition to any other sanction imposed for a felony violation of division (B) of this section, the court shall impose a class two suspension from the range specified in division (A)(2) of section 4510.02 of the Revised Code." Pursuant to R.C. 4510.02 a license is to be suspended, "[f]or a class two suspension, a definite period of three years to life."

**{¶17}** At the sentencing hearing in this case, the trial court sentenced Appellant as follows: "On Count Two, a two (2) year definite term of incarceration in a state correctional facility, for a total term of incarceration of eight (8) years, and that your operator's license be suspended for a period of ten (10) years." (3/30/07 Sentencing Hrg. Tr., p.13.) Thus, the trial court properly informed Appellant of the

correct length of his license suspension and attached the suspension to the correct count (count two, involving his failure to comply) at the sentencing hearing.

**{¶18}** In the trial court's sentencing entry, the court stated: "[t]he Court also orders a **concurrent** operator's license suspension of Ten (1)) (sic) years as to each count." (4/18/07 J.E.) Thus, the trial court correctly stated the term of years for the suspension, but erroneously attributed it to both the robbery count (count one) and the failure to comply (count two).

**{¶19}** No Ohio court has addressed the exact factual situation presented in the instant case. However, the Ohio Supreme Courts has presented us with some guidance in *State v. Harris,* 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509. The Court stated that "[b]ecause a mandatory driver's license suspension is a statutorily mandated term, we hold that a trial court's failure to include this term in a criminal sentence renders the sentence void in part." *Id.* at ¶15, citing *Fischer.* However, in reaching this decision, the *Harris* Court also stated: "a mandatory driver's license suspension is akin to postrelease control." *Id.* at ¶14.

**{¶20}** Due to Appellant's conviction on failure to comply, he was subject to a mandatory license suspension ranging from three years to life, pursuant to R.C. 4510.02. Contrary to Appellant's contention, the trial court properly advised Appellant of his suspension at the sentencing hearing. Although the trial court attached the suspension to both the failure to comply and robbery convictions within the sentencing entry, the court did properly inform Appellant of the suspension and

the length of the suspension. It appears, then, a ten year term of suspension remains valid.

**{¶21}** It is clear from the sentencing hearing that the trial court correctly determined that Appellant's ten-year driver's license suspension arose solely from the failure to comply conviction. It is equally clear that the additional imposition of suspension to the robbery conviction within the sentencing entry was error. As the Supreme Court in *Harris* has determined that postrelease control sentencing issues are analogous to license suspension sentencing issues, it appears that Appellant's sentence must be partially voided in this regard, also. Again, we stress that the trial court's action in sentencing Appellant to license suspension for failure to comply was completely correct, and that portion of Appellant's sentence is affirmed. However, to the extent that the sentencing entry also imposes a period of license suspension for Appellant's conviction for robbery, this portion of Appellant's sentence is invalid and void.

### Third Assignment of Error

Does the trial court abuse its discretion when it refuses to correct an illegal sentence?

**{¶22}** Appellant argues that the trial court abused its discretion by failing to correct the issues contained within the first and second assignments of error. As we have addressed these issues, this assignment of error is moot.

### Conclusion

**{¶23}** Appellant argues that his entire sentence is void because the trial court partially sentenced him to an incorrect term of postrelease control and improperly attached his driver's license suspension to both his conviction for failure to comply and robbery. Appellant is correct that a portion of his postrelease control term, stemming from his conviction on failure to comply, is void. As he has completed his incarceration, resentencing on this issue is improper and the remaining postrelease control term attached to his failure to comply conviction is vacated. Although the trial court inadvertently attached his driver's license suspension to both his conviction on failure to comply and to robbery, Appellant is correct that his sentence is partially void in this regard, also, in that the suspension period attributed to his robbery conviction is also invalid. Hence, as a matter of law his sentence is vacated regarding a suspension period for robbery and also regarding postrelease control for failure to comply. We note, however, that Appellant's five year postrelease control period for robbery and ten year driver's license suspension for failure to comply are valid. On that basis, the judgment of the trial court is partially affirmed, and Appellant's sentence is partially reversed and vacated.

Donofrio, P.J., concurs.

Robb, J., concurs.