[Cite as *State v. Persons*, 2017-Ohio-7879.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

STATE OF OHIO,                              :
                                            :        Case No. 16CA16
        Plaintiff-Appellee,                 :
                                            :
        vs.                                 :        DECISION AND JUDGMENT
                                            :        ENTRY
DAVID M. PERSONS,                           :
                                            :
        Defendant-Appellant.                :        **Released: 09/22/17**

_____

APPEARANCES:

David M. Persons, Atlanta, Georgia, Pro Se Appellant.

Colleen S. Williams, Meigs County Prosecuting Attorney, and James K. Stanley, Meigs County Assistant Prosecuting Attorney, Pomeroy, Ohio, for Appellee.

_____

McFarland, J.

{¶1} David M. Persons appeals the September 9, 2016 journal entry and order of the Meigs County Court of Common Pleas which granted the State of Ohio's motion to attach funds inherited by Appellant. Appellant asserts various arguments challenging the correctness of the above-referenced journal entry and order. Upon review, we find Appellant has not provided a complete transcript of the proceedings. Thus, we are unable to consider his contentions. Accordingly, we presume the validity of the lower court's proceedings and affirm the trial court's judgment.

FACTS

{¶2} The parties agree that in August 2016, Appellee State of Ohio filed a

Motion to Attach Inherited Funds in various Meigs County Common Pleas Court

case numbers carrying Appellant's name.[1]  In his brief, Appellant alleges he filed a

responsive motion, requesting appointment of counsel and requesting to be present

at the hearing.  On September 9, 2016, the trial court granted, by journal entry and

order, the State's motion.  The journal entry states in pertinent part:

> "This cause came on for consideration of the State's Motion to Attach
> Inherited Funds to be applied to Court Costs.  Based upon the Motion
> and considering the costs assessed by the Clerk in the various cases
> listed above, the Court hereby ORDERS that $1,277.24 be attached
> from the funds to be inherited by the Defendant David M. Persons
> from the Estate of Ronald E. Hart, that a draft be issued to the Meigs
> County Common Pleas Clerk of Courts and the said funds be
> distributed as follows:

| | |
|---|---|
| 00CA005 | $43.20 |
| 02CR024 | $263.10 |
| 02CA012 | $70.22 |
| 03CV061 | $143.80 |
| 03CA007 | $64.12 |
| 07CV069 | $146.10 |
| 07CA014 | $44.05 |
| 94CR033 | $384.85 |
| 95CA003 | $42.40 |
| 95CA013 | $29.80 |
| 95CA014 | $45.60." |

{¶3} Appellant timely appealed the journal entry and order.

---

[1] According to the Meigs County Common Pleas Court Clerk's website, the State's motion was filed August 11, 2016.  A court can take judicial notice of judicial opinions and public records accessible from the internet. *In re Helfrich,* 5th Dist. Licking No. 13CA20, 2014-Ohio-1933, ¶ 35. *See, e.g., State ex rel. Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4798, 974 N.E.2d 516, ¶ 8, 10.

LAW AND ANALYSIS

{¶4} Appellant is acting pro se in this appeal and failed to set forth any assignment of error, or cite relevant, applicable authority, contrary to the requisites of App.R. 16(A)(1)(2)(3)(7), and (D).  It is well within our judicial discretion to dismiss an appeal for a party's failure to comply with the Appellate Rules. *Salisbury v. Smouse*, 4th Dist. Pike No. 05CA737, 2005-Ohio-5733, ¶ 11; *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 431 N.E.2d 644 (1982).  Judicial discretion is defined as " '* * * the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles, and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case'." *Id.,* quoting *Krupp v. Poor*, 24 Ohio St.2d 123, 265 N.E.2d 268, (1970), paragraph two of the syllabus.

{¶5} Because we prefer to review cases on their merits rather than dismiss them due to procedural technicalities, we generally afford considerable leniency to pro se litigants. *E.g., Viars v. Ironton,* 4th Dist. Lawrence No. 16CA8, 2016-Ohio-4912, ¶ 25; *Miller v. Miller*, 4th Dist. Athens No. 14CA6, 2014-Ohio-5127, ¶ 13; *In re Estate of Pallay,* 4th Dist. Washington No. 05CA45, 2006-Ohio-3528, ¶ 10; *Robb v. Smallwood,* 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, ¶ 5 (4th Dist.).

{¶6} "Limits do exist, * * *. Leniency does not mean, however, that we are required 'to find substance where none exists, to advance an argument for a pro se litigant or to address issues not properly raised.' " *State v. Headlee,* 4th Dist. Washington No. 08CA6, 2009-Ohio-873, ¶ 6, quoting *State v. Nayar*, 4th Dist. Lawrence No. 07CA6, 2007-Ohio-6092, ¶ 28. Normally, we will, however, consider a pro se litigant's appellate brief so long as it "contains at least some cognizable assignment of error." *Robb, supra,* at ¶ 5.

{¶7} In his brief, Appellant has raised contentions regarding: (1) the trial court's jurisdiction over Appellant's inherited funds; (2) the denial of his request for court appointed counsel; (3) the denial of his request to be conveyed to the hearing; (4) the denial of a full hearing on the State's motion; and (5) the denial of a jury trial on Appellee's Motion to Attach Inherited Funds. Appellant also contends he has been denied the "dockets and case files" to defend the "charges." Actually, Appellant's last contention forms the basis for disposition of his appeal.

{¶8} Pursuant to App.R. 9(B), the record on appeal "consists of (1) the original papers and exhibits to the same, filed in the case, (2) the transcript of proceedings, if any, and (3) a certified copy of the docket and journal entries prepared by the clerk of the trial court." *State v. Lowery*, 4th Dist. Ross No. 16CA3533, 2016-Ohio-7701, Fn. 1, quoting *Holmes v. Kreps,* 32 Ohio St.2d 134, 290 N.E.2d 573 (1972). In our decision in *Pryor v. Pryor*, 4th Dist. Ross No.

09CA3096, 2009-Ohio-6670, we explained that the appellant had failed to provide a transcript of a final divorce hearing. Citing App.R. 9(B), we concluded because the appellant bore the burden of demonstrating error by reference to matters in the record, he had a duty to provide a transcript of the proceedings. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.* at 24, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). We held: "Without a transcript of the final divorce hearing, we must also presume that the trial court followed R.C. 3105.171. *Id.* at 25.

{¶9} In *Robb v. Smallwood, supra*, we observed Robb's brief was deficient in many respects. For instance, his brief failed to state an assignment of error, list a table of cases, or give a statement of the case. *See* App.R. 16(A)(2), (3), and (5). Yet, citing much of the above-quoted language regarding our long-time policy of affording "considerable leniency" to pro se litigants, we chose to consider the list of issues contained in Robb's brief.

{¶10} However, here we are unable to do so due to the lack of a complete record. For instance, we have neither a copy of Appellee's Motion to Attach Inherited Funds nor a copy of Appellant's responsive pleading. We have no

citation to authority supporting his contentions.  As in *Pryor, supra,* Appellant

bears the burden of providing a complete record and referencing alleged error in

the record by pointing to specific portions in the "dockets" and "case files."[2]  To

date, he has not supplied us with a complete record.  As such, we have nothing to

review, and we have no choice but to presume the validity of the trial court's

proceedings.  For the foregoing reasons, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

---

[2] On January 13, 2017, by Magistrate's Order, this Court advised Appellant that if he desired copies of the entire record in specific cases, he must pay all copying costs associated with obtaining those documents.  We presume the specific cases he requests are the case numbers contained in the trial court's September 9, 2016 journal entry and order, to which he contests that payment of his inherited funds was applied.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED. Costs assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.: Concur in Judgment and Opinion.


For the Court,


BY: _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**