[Cite as *Givens v. Loeffler*, 2023-Ohio-3987.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

GREG P. GIVENS,

Petitioner-Appellant,

v.

JEFFREY TODD LOEFFLER,

Respondent-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 BE 0037**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 22 DR 0205

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

Greg P. Givens, Petitioner-Appellant and

*Atty. Mel L. Lute, Jr.*, Baker Dublikar, for Respondent-Appellee.

Dated: November 2, 2023

**D'Apolito, P.J.**

{¶1} Petitioner-Appellant, Greg P. Givens, acting pro se, appeals the adoption of the Magistrate's Decision and Judgment Journal Entry by the Belmont County Court of Common Pleas dismissing his petition for a civil stalking protection order ("CSPO"), filed pursuant to R.C. 2903.214, against Respondent-Appellee, Village of Shadyside Police Chief Jeffrey Todd Loeffler. For the following reasons, the judgment journal entry of the trial court is affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant filed the petition on June 23, 2022 and he requested an ex parte order of protection for both himself and his mother, Carol Givens. According to a June 24, 2022 journal entry, the ex parte order request was heard and the order issued on the following day. The matter was set for a full hearing on July 14, 2022. However, on July 5, 2022, a journal entry was issued correcting the June 24, 2022 journal entry. The July 5, 2022 entry explained that no ex parte order had been issued.

{¶3} The petition alleges:

On May 19, 2022, [Appellee] did actions to harm Carol Givens and [Appellant], a candidate [sic] for public office of mayor and council in Shadyside. [Appellee] did knowingly throw fists at Carol Givens for lawfully reporting crimes in the vicinity of her home and van;

On May 27, 2022 and May 28, 2022, [Appellee] did retaliate against Carol Givens and Greg Givens while ac [sic] case is pending in Belmont County Court, to victimize the Givens' [sic] and threaten their livelihood, health and well-being, before such court case, and to further intimidate the Givens' [sic] not to report incidents concerning the village and Clyde Yates, Jr. and others who are victimizing the Givens [sic]; and did knowingly cause the Givens' van to be taken;

Case No. 22 BE 0037

> Additionally, several other incidents have been recorded [sic] of [Appellee] to do harm to Greg Givens and Carol Givens as documented in various police reports, and in other evidence to be presented in this case.

(Petition, at p. 2.)

**{¶4}** A hearing was scheduled for November 17, 2022 before the Magistrate. The journal entry scheduling the hearing reads in relevant part, "[s]hould [Appellee] file a motion to dismiss, hearing on the same shall be conducted on the same date and time, with any ruling on such motion determining whether final hearing shall proceed immediately thereafter."

**{¶5}** Appellee filed his motion to dismiss on October 5, 2022. According to the motion, the petition was filed to prevent Appellee and Village of Shadyside Zoning Inspector Joseph Edward Klug from testifying at Appellant's criminal trespass trial. Appellee did testify at the trial and Appellant was ultimately convicted, however, we overturned his conviction because the state violated Appellant's statutory right to a speedy trial. *State v. Givens*, 7th Dist. Belmont No. 22 BE 0041, 2023-Ohio-2898. Appellee further asserted Appellee's acts were not the proper subject of a CSPO, based on Ohio's sovereign immunity law as applied in *Hunt v. Morrow Cnty., Ohio*, 5th Dist. Morrow No. 08 CA 13, 2009-Ohio-4313.

**{¶6}** At the November 21, 2022 hearing, the Magistrate accepted the testimony of Appellant, Carol Givens, and Frances Wright. Several exhibits were admitted, including voluntary statement forms submitted by the Givenses to the Village of Shadyside Police Department alleging previous harassment and physical threats by Village officials.

**{¶7}** At the conclusion of Appellant's case-in-chief, Appellee moved for dismissal of the petition based on the arguments set forth in the motion to dismiss. In the Magistrate's Decision sustaining the motion to dismiss, the Magistrate opines "the only alleged conduct on behalf of [Appellee] that perhaps caused distress to [Carol Givens] was a reaction testified to by [Carol Givens] and Frances Wright at the Shadyside Police Department. The Court does not believe that the incident testified to rises to a level such that it would cause emotional distress nor a belief of physical harm." (Dec., p. 2.)

**{¶8}** The Magistrate further opines "in addition to the statutory burden established in R.C. 2903.211, [Appellant] must also prove that [Appellee] has acted in a manner manifestly outside the scope of his employment or official responsibilities **and** that [Appellee] committed said acts with malicious purpose, in bad faith, or in a wanton and reckless manner." (Emphasis in original) (*Id.*) The Magistrate concludes that he had not. Finally, the Magistrate reasons, "[t]estimony relating to one or perhaps two sightings of [Appellee] outside of the Village of Shadyside also indicate that [Appellee] was acting within the scope of his duties, acting as backup for a neighboring municipality." (*Id.*)

**{¶9}** On December 6, 2022, Appellant filed a motion to unseal records and vacate protective order. Objections to the Magistrate's Decision were filed and on January 31, 2023, the trial court adopted the Magistrate's Decision.

**{¶10}** In the judgment and journal entry on appeal, the trial court recognizes that it must presume the validity of the Magistrate's Decision due to the fact that no transcript of the hearing had been filed. As a consequence, the trial court adopted the factual findings of the Magistrate and concluded that sovereign immunity applied to shield Appellee from issuance of the CSPO.

**{¶11}** This timely appeal followed.

**LAW**

**{¶12}** "A pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants." *Bryan v. Johnston*, 7th Dist. Carroll No. 11 CA 871, 2012-Ohio-2703, ¶ 8, *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). "Although a court may, in practice, grant a certain amount of latitude toward pro se litigants, the court cannot simply disregard the Rules of Civil Procedure in order to accommodate a party who fails to obtain counsel." *Pinnacle Credit Servs., LLC v. Kuzniak*, 7th Dist. Mahoning No. 08 MA 111, 2009-Ohio-1021, ¶ 30, *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, at ¶ 5. "The rationale for this policy is that if the court treats pro se litigants differently, 'the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.' " *Pinnacle Credit Servs., at ¶ 31, citing Karnofel*

Case No. 22 BE 0037

*v. Kmart Corp.*, 11th Dist. Trumbull Nos. 2007-T-0036, 2007-T-0064, 2007-Ohio-6939, at ¶ 27. (Internal citations omitted.)

## ASSIGNMENT OF ERROR NO. 1

**TRIAL COURT ERRED IN MAGISTRATE STATEMENTS THAT ESTABLISH BIAS AND FOREKNOWLEDGE OF RESPONDENT(S) PERSONAL FRIENDSHIPS AND ASSOCIATION WITHOUT COURT DISCRETION.**

## ASSIGNMENT OF ERROR NO. 2

**TRIAL COURT ERRED PREJUDICIAL TO THE RIGHTS OF THE PETITIONER IN PRINCIPAL RESPECTS AS TO THE PREPONDERANCE OF THE EVIDENCE.**

## ASSIGNMENT OF ERROR NO. 3

**TRIAL COURT ERRED IN DENYING RELEVANT EVIDENCE FOR PETITIONER-APPELLANT'S PETITION FOR STALKING/PROTECTION ORDER.**

## ASSIGNMENT OF ERROR NO. 5

**TRIAL COURT ERRED IN THE ADMISSIBILITY OF UNFOUNDED/HEARSAY STATEMENTS THAT CLEARLY DEFY COMMON SENSE, TRUTH, AND LOGIC.**

## ASSIGNMENT OF ERROR NO. 6

**TRIAL COURT ERRED IN THE INADMISSIBILITY OF OBJECTIONS MADE BY THE PETITIONER/APPELLANT.**

{¶13} No transcript of the hearing on the petition was filed in this case. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned

Case No. 22 BE 0037

errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

**{¶14}** Further, we recognized in a previous appeal of a CSPO by Appellant that "[c]ivil due process requires only notice and an opportunity to be heard, not provision of transcripts in civil proceedings." *Givens v. Klug*, 7th Dist. Belmont No. 21 BE 0026, 2022-Ohio-1562, ¶ 8. Ohio courts have limited an indigent's right to have transcript fees taxed as costs to criminal cases, termination of parenting rights, and defense of paternity cases. *Id.* However, we explained in *Klug* that a transcript is "unavailable" for purposes of App.R. 9(C) when an indigent appellant is unable to bear the cost of a transcript. *Id.,* citing *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 491 N.E.2d 311 (1986). Consequently, Appellant could have availed himself of the specific procedure set forth in App.R. 9(C), which allows the use of narrative statements in lieu of a hearing transcript.

**{¶15}** As the foregoing assignments of error are predicated upon the admissibility of hearing testimony, alleged bias by the Magistrate, and the weight of the evidence, we must presume the validity of the lower court's findings due to the failure by Appellant to provide a transcript or narrative statement. Accordingly, we find that assignments of error one through three, five, and six, have no merit.

**ASSIGNMENT OF ERROR NO. 4**

**TRIAL COURT ERRED IN ITS DISMISSAL OF PETITIONER-APPELLANT'S OBJECTIONS IN PETITION FOR A STALKING/RESTRAINING ORDER WHERE LOCAL RULES AND ENTRIES DO NOT INDICATE A CLEAR AND CONCISE DEFINITION, DETERMINATION, AND/OR CODE SECTION, AND AS TO WHAT CONDITIONS AND PROCEDURE(S) ARE REQUIRED FOR THE RELEASE OF PRIOR SEALED RECORD OF STALKING HEARING(S) INVOLVING SAME/RELATED RESPONDENT AGAINST PETITIONER, CASE NO. 19-DR-0223 & 19-DR-0224.**

**{¶16}** On May 24, 2021, Appellant filed a motion to unseal court records and to "vacate the blanket protective order" issued on November 21, 2022 in the above-captioned case. Appellant's motion to vacate the blanket protective order appears to refer to the following paragraph in the Magistrate's Decision:

> As no order was issued herein, pursuant to Ohio Revised Code 3113.31(G)(2), the Clerk of Courts is directed to seal the record following expiration of the statutory time in which to file an appeal to the rulings herein.

(Decision, p. 2.)

**{¶17}** The trial court did not rule on the motion to unseal. "[W]hen a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it." *Williams v. Vahila*, 7th Dist. Carroll No. 06 CA 832, 2007-Ohio-730, ¶ 12, quoting *State ex rel. The v. Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 1998-Ohio-0329.

**{¶18}** R.C. 3113.31, which governs protection orders concerning domestic violence or sexually oriented offenses, reads in its entirety:

> (G)(1) Any proceeding under this section shall be conducted in accordance with the Rules of Civil Procedure, except that an order under this section may be obtained with or without bond. An order issued under this section, other than an ex parte order, that grants a protection order or approves a consent agreement, that refuses to grant a protection order or approve a consent agreement that modifies or terminates a protection order or consent agreement, or that refuses to modify or terminate a protection order or consent agreement, is a final, appealable order. The remedies and procedures provided in this section are in addition to, and not in lieu of, any other available civil or criminal remedies.
>
> (2) If as provided in division (G)(1) of this section an order issued under this section, other than an ex parte order, refuses to grant a protection order, the court, on its own motion, shall order that the ex parte order issued under

Case No. 22 BE 0037

this section and all of the records pertaining to that ex parte order be sealed after either of the following occurs:

(a) No party has exercised the right to appeal pursuant to Rule 4 of the Rules of Appellate Procedure.

(b) All appellate rights have been exhausted.

**{¶19}** The Magistrate appears to include this provision in all Decisions, despite the fact that it does not govern CSPOs (the corresponding section is R.C. 2903.214(G)(2)) and no ex parte order was issued in this case. With respect to the "sealing" in the above-captioned case, no ex parte order was issued. As a consequence, nothing was sealed as a result of the language in the Magistrate's Decision. Therefore, we find that Appellant's fourth assignment of error has no merit.

## **CONCLUSION**

**{¶20}** For the foregoing reasons, the judgment journal entry of the trial court is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

Case No. 22 BE 0037

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**