[Cite as *Givens v. Hanson*, 2024-Ohio-416.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

CAROL GIVENS,

Petitioner-Appellant,

v.

TERRY HANSON,

Respondent-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 BE 0013**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 22 DR 416

**BEFORE:**
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment,
Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

Carol Givens, Petitioner-Appellant and

Terry Hanson, Respondent-Appellee (No Brief Filed).

Dated: February 6, 2024

**KLATT, J.**

{¶1} Petitioner-Appellant, Carol Givens, acting pro se, appeals the Docket and Journal Entry and Judgment Journal Entry of the Belmont County Court of Common Pleas adopting the Magistrate's Decision and Judgment Journal Entry dismissing her petition for a civil stalking protection order ("CSPO") filed pursuant to R.C. 2903.214, against Respondent-Appellee, Terry Hanson. For the following reasons, the Docket and Journal Entry and Judgment Journal Entry are affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶2} On December 30, 2022, Appellant filed the petition for a CSPO and a sexually oriented offense protection order ("SOOPO"), alleging Appellee chased her and her son around a city block, "peeped" in her bedroom window and used gestures intended to intimidate her, and informed a neighbor that he wants to "eliminate" Appellant and her son. An ex parte CSPO was issued by the trial court on December 30, 2022, however, an ex parte SOOPO was not.

{¶3} A hearing was conducted on January 10, 2023. That same day, the Magistrate issued the Decision overruling the petition for SOOPO, finding no evidence a sexually oriented offense was committed. The trial court's disposition of the petition for SOOPO is not before us on appeal.

{¶4} According to the Magistrate's Decision, both parties and Appellant's son testified at the hearing. Appellee admitted he had been present outside of Appellant's home to walk his dog, and spoke to her neighbors, but denied the alleged inappropriate behavior. Pictures were offered by Appellant but the Magistrate found the pictures depicted lawful conduct, including a photograph of Appellee looking directly at Appellant's bedroom window. Based on the foregoing evidence, the Magistrate concluded Appellant had failed to demonstrate by a preponderance of the evidence that Appellee had engaged in the alleged conduct. As a consequence, the Magistrate overruled the petition for CSPO.

{¶5} On January 23, 2023, Appellant filed her objections to the Magistrate's Decision. She argued all of the testimony was not duly considered, particularly the photograph of Appellee looking at her bedroom window. She further argued Appellee does not live in close proximity to Appellant's residence.

**{¶6}** In a docket and journal entry dated March 2, 2023, the trial court denied Appellant's objections and adopted the Magistrate's Decision. According to the judgment entry issued the same day, Appellant failed to file a copy of the transcript of the hearing, or an affidavit in lieu of transcript. Insofar as Appellant's objections were predicated upon evidence adduced at the hearing, the trial court recognized it was required to presume the validity of the Magistrate's Decision.

**{¶7}** This timely appeal followed.

**{¶8}** A praecipe for the transcript of the hearing, an App.R. 9(C) statement of evidence, and agreed statement pursuant to App.R. 9(D) was filed on March 8, 2023. According to the court reporter's acknowledgement dated March 9, 2023, the estimated completion date for the hearing transcript was "[forty] days <u>after</u> $300 is paid to court reporter." However, no transcript of the hearing or App.R 9(C) or (D) statement was filed.

## **LAW**

**{¶9}** "A pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants." *Bryan v. Johnston*, 7th Dist. Carroll No. 11 CA 871, 2012-Ohio-2703, ¶ 8, *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). "Although a court may, in practice, grant a certain amount of latitude toward pro se litigants, the court cannot simply disregard the Rules of Civil Procedure in order to accommodate a party who fails to obtain counsel." *Pinnacle Credit Servs., LLC v. Kuzniak*, 7th Dist. Mahoning No. 08 MA 111, 2009-Ohio-1021, ¶ 30, *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, at ¶ 5 (4th Dist.). "The rationale for this policy is that if the court treats pro se litigants differently, 'the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.' " *Pinnacle Credit Servs.,* at ¶ 31*, citing Karnofel v. Kmart Corp.*, 11th Dist. Trumbull Nos. 2007-T-0036, 2007-T-0064, 2007-Ohio-6939, at ¶ 27. (Internal citations omitted.)

## ANALYSIS

## ASSIGNMENT OF ERROR NO. 1

**TRIAL COURT ERRED IN THE NON-JOINDER OF PETITION WITH BELMONT COUNTY CASE NO. 22-CV-415, AND WITHOUT PROPER NOTICE, OR MOTION HEARING, OR OPPORTUNITY FOR PRIOR OBJECTIONS, ON COURT'S DIRECTION, AS THE CASES ARE FACTUALLY, EXACT, [SIC] AND MATERIALLY THE SAME, NOR GIVEN AMPLE OPPORTUNITY FOR RELIEF FROM SUCH PREJUDICIAL JOINDER/NON-JOINDER ORDER.**

{¶10} A court's decision to consolidate cases pursuant to Civ.R. 42(A)(1)(b) is reviewed for an abuse of discretion, as it relates to the court's management of its docket. *Monus v. Day*, 7th Dist. Mahoning No. 10 MA 35, 2011-Ohio-3170, ¶ 74, citing *Director of Highways v. Kleines*, 38 Ohio St.2d 317, 319, 313 N.E.2d 370 (1974). "The obvious purpose of Rule 42(A) is for convenience of trial, for preventing multiplicity of actions, and for the saving of costs." *Monus*, citing Civ.R. 42(A), Staff Notes (1970).

{¶11} According to Appellant's brief:

Findings as to the weight and/or sufficiency of the evidence was determined ON THE SAME FACTS and EVIDENCE, in determination by Judge Frank A. Fregiato, in an adjoining Courtroom, in Belmont County Common Pleas Court, Case No. 22-CV-415, and a subsequent Protection [sic] was Issued against the SAME individual, [Appellee].

(Appellant's Brf., p.3.)

{¶12} Appellant did not file a motion to consolidate the two cases. Further, other than Appellant's representation in her brief, there is no evidence in the record that 22-CV-415 is an actual case, was resolved in favor of the plaintiff/petitioner, or was predicated upon the identical facts in the above-captioned case. Accordingly, we find Appellant's first assignment of error has no merit.

**ASSIGNMENT OF ERROR NO. 2**

**TRIAL COURT'S [SIC] ERRED IN DENYING [APPELLANT'S] PETITION FOR [CSPO], SO DENYING PRIMA FACIE EVIDENCE, OBJECTION(S) IN FAVOR OF RESPONDENT.**

{¶13} No transcript of the hearing on the petitions was filed in this case. Appellant argues the trial judge heard the case "in persona," and therefore no transcript is required. Appellant appears to refer to the ex parte hearing. However, the transcript of the full hearing, not the ex parte hearing, is required for both trial court and appellate review.

{¶14} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶15} Further, we have recognized "[c]ivil due process requires only notice and an opportunity to be heard, not provision of transcripts in civil proceedings." *Givens v. Klug*, 7th Dist. Belmont No. 21 BE 0026, 2022-Ohio-1562, ¶ 8. "Ohio courts have limited an indigent's right to have transcript fees taxed as costs to criminal cases, termination of parenting rights, and defense of paternity cases." *Id.* However, we explained in *Klug* that a transcript is "unavailable" for purposes of App.R. 9(C) when an indigent appellant is unable to bear the cost of a transcript. *Id.,* citing *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 491 N.E.2d 311 (1986). Consequently, Appellant could have availed herself of the specific procedure set forth in App.R. 9(C), which allows the use of narrative statements in lieu of a hearing transcript.

{¶16} As this assignment of error is predicated upon the admissibility of hearing testimony and the weight of the evidence, we must presume the validity of the lower court's findings due to the failure by Appellant to provide a transcript or narrative statement. Accordingly, we find the second assignment of error has no merit.

## CONCLUSION

{¶17} For the foregoing reasons, the Docket and Journal Entry and Judgment Journal Entry are affirmed.


Robb, P.J., concurs.

Hanni, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**